**E-FILED on:** 2/25/13

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AETNA LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BAY AREA SURGICAL MANAGEMENT, LLC, et al.,<br><br>Defendants. | CASE NO. C-12-05829 RMW<br><br>**AMENDED ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>[Re: Docket Nos. 10 and 33] |

On November 29, 2012, plaintiff Aetna Life Insurance Company ("Aetna") moved for: (1) an order of the court remanding this action to the Superior Court for the County of Santa Clara California ("state court"); and (2) an award of fees and costs incurred as a result of the removal. Having considered the papers submitted by the parties and the arguments of counsel, and for the reasons set forth below, this court grants Aetna's motion to remand and denies Aetna's request for fees and costs.[1]

## I.  BACKGROUND

---

[1] This amended order corrects the error in the original order filed 1/11/13 at p.1:22½-23½.

On February 2, 2012, Aetna sued a group of San Francisco bay area surgical centers and individual defendants (collectively "defendants") in state court for fraudulently securing payments from Aetna for services rendered to members of its health plans. Aetna alleged that defendants "unlawfully induced contracted physicians to refer members to (and render services at) [d]efendants' facilities, unlawfully waived A[etna] members' coinsurance obligations, fraudulently submitted false and inflated bills to A[etna], and violated California's prohibition on the corporate practice of medicine." Pl.'s Br. 1-2, Dkt. No. 10. The complaint alleged six state law causes of action: (1) unfair competition in violation of California's Unfair Competition Law ("UCL"); (2) intentional interference with Aetna's contractual relations with its members; (3) intentional interference with Aetna's contractual relations with its in-network participating providers; (4) fraud; (5) declaratory judgment; and (6) unjust enrichment. Compl. ¶¶ 108-66. In support of Aetna's UCL claim—to show that defendants' practices were "unfair"— paragraphs 48 and 49 of the complaint referenced a "Special Fraud Alert" issued by the Department of Health and Human Services, which deemed the waiver of Medicare copayments potentially unlawful and damaging to the public. Defendants demurred and moved to strike, *inter alia*, paragraphs 48 and 49 of the complaint.

On October 1, 2012, the state court overruled defendants' demurrers and denied the majority of defendants' motions to strike, but granted, in relevant part, defendants' motion to strike paragraphs 48 and 49 relating to Medicare rules on the waiver of coinsurance, with leave to amend. The state court held:

> Regarding the Medicare allegations, (paragraphs 48 and 49), [Aetna] argues Medicare rules on the waiver of coinsurance are relevant as persuasive authority to demonstrate the negative ramifications that result when providers waive coinsurance obligations. However, a complaint should contain only a statement of facts constituting the cause of action and a demand for relief . . . , not legal arguments or citations to persuasive authority. [Aetna] further argues that some of the claims involved in this action do involve Medicare claims. However, this factual assertion appears to be extrinsic to the Complaint. Finally, Aetna argues

> that the language from the Medicare "Special Fraud Alert" is directly relevant to the claim that the scheme is unfair under the UCL. Again, this seems to be an argument about persuasive legal authority, which is an improper matter to be inserted in a pleading.

Order at 17 ll. 20-28, Dkt. No. 22-1. In response to the state court's order, on October 12, 2012, Aetna filed a first amended complaint ("FAC"), maintaining the references to the "Special Fraud Alert" in FAC paragraphs 56 and 57, and further including an allegation in FAC paragraph 55 that, "[o]f the provider charges at issue in this case, approximately eight (8) involve members who are covered under Medicare." FAC ¶ 55, Dkt. No. 11-2. On that same day, Aetna served its first set of discovery requests on defendants.

On November 14, 2012, after allegedly having "determined that federal law governs this action," defendants filed a notice of removal on the basis of federal question jurisdiction.[2] On January 11, 2013, Aetna filed the present motion to remand on the grounds that: (1) defendants' notice of removal was untimely and facially defective; (2) Aetna's complaint does not invoke federal question jurisdiction because it does not involve or rely on federal law; (3) Aetna's state law claims are not completely preempted by, nor do they arise under, the Medicare Act; and (4) there is no federal question jurisdiction based on preemption by the Employee Retirement Income Security Act ("ERISA").

### III.  ANALYSIS

**A. Evidentiary Rulings**

Defendants request judicial notice of: (1) the state court opinion and order dated October 1, 2012 ("Oct. 1, 2012 Order"); (2) the defendants' March 5, 2012 motion to strike portions of the complaint ("motion to strike"); and (3) a brief for the United States Secretary of Labor as Amicus Curiae Supporting Plaintiff-Appellant Tri3 Enterprises, LLC, in an action entitled *Tri3*

---

[2] Although certain portions of the notice of removal cite 28 U.S.C. § 1441(b), removal based on diversity jurisdiction, it appears that these citations were in error, and the notice of removal is based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a).

ORDER, CASE NO. C-12-05829-RMW
ALG                                            - 3 -

*Enterprises, LLC v. Aetna, Inc.*, Case No. 12-2308 (3d Cir. Nov. 31, 2012) ("*Tri3* Amicus Brief"). The court takes judicial notice of the Oct. 1, 2012 Order and the motion to strike as they are part of the public record in this case and directly relevant to the present issue.  The court declines to take judicial notice of the *Tri3* Amicus Brief, which defendants rely on solely as a persuasive legal "authority" in support of removal based on an ERISA claim.  *Tri3* is inapposite to the present case because the claim in that case was actually based on an ERISA violation, *see Tri3 Enterprises, LLC v. Aetna, Inc.*, Case No. 11-3921, 2012 WL 1416530 at *1 (D.N.J. Apr. 24, 2012), unlike the claims here, which are explicitly brought under state law.  Moreover, the district court in *Tri3* held that defendants *failed* to state a federal cause of action under ERISA, and thus the existing law is actually contrary to defendants' position on that issue, which, as stated, is not even present in this case.  For these reasons, the *Tri3* Amicus Brief is not helpful to the court in deciding the present issues.

Aetna objects to paragraph 7 of the declaration of Katherine M. Dru (submitted with defendants' response brief at Dkt. No. 21) "on the basis that it lacks foundation, assumes facts not in evidence, and asserts legal arguments and conclusions."  Aetna's Reply Br. 5 n.5.  Paragraph 5 of the Dru declaration  states: "In the course of this process of gathering responsive information, [d]efendants learned for the first time that many of the individual claims at issue in this action are claims for benefits under ERISA, and are governed by the federal scheme under 29 U.S.C. § 1002, *et seq.*"  Civil Local Rule 7-5(b) provides that "[a]n affidavit or declarations may contain only facts . . . and must avoid conclusions and argument" and allows the court to strike any declaration not in compliance.  The court declines to strike paragraph 7, but considers it only as a declaration of fact regarding the defendants' subjective belief, and not for any conclusion stated therein.

### B.  Legal Standard for Removal

Under 28 U.S.C. § 1441(a), an action may be removed to the federal district court "embracing the place where such action is pending" when "the district courts of the United States have original jurisdiction." "Generally speaking, '[a] cause of action arises under federal law only when the plaintiff's well pleaded complaint raises issues of federal law.'" *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (2009) (citing *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir.1989)). Courts strictly construe the removal statute against removal jurisdiction. *See, e.g.*, *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034 (citation omitted); *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

**C. Timeliness of Defendants' Removal Notice**

A defendant must normally seek removal within thirty days of the initial pleading or, if the initial pleading does not establish a basis for removal, within thirty-days of receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3). Moreover, "all defendants who have been joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(a).

The primary issue is whether the defendants' alleged basis for removal was present prior to October 12, 2012, the date that Aetna filed the FAC. If so, it is undisputed that defendants' removal was untimely. According to Aetna, defendants had knowledge of all of the relevant Medicare-related facts as of the date of the original complaint, February 2, 2012. If not at that time, Aetna asserts that the defendants certainly had knowledge of the alleged Medicare-related

ORDER, CASE NO. C-12-05829-RMW
ALG
- 5 -

claims as of July 9, 2012, when Aetna filed its brief in opposition to defendants' motion to strike portions of the complaint.  In that brief, Aetna wrote: "the claims in this case *do* involve Medicare patients as some of the artificially-inflated health insurance claims submitted to Aetna have been for procedures related to Medicare patients."  Aetna's Br. in Opp. to Pl.'s Mot. to Strike 4, Dkt. No. 11-5.  Aetna also asserts that defendants were aware of the alleged basis for removal under ERISA as of the date of the original complaint, because Aetna's benefit plan, which is expressly subject to ERISA, was attached to the original complaint, *see* Complaint, Ex. A, Dkt. No. 11-6 ("As a participant in [Aetna's] group insurance plan you are entitled to certain rights and protections under [ERISA]"), and no additional reference to ERISA was included in the FAC.  Finally, Aetna argues that defendants' removal notice is defective because all defendants must timely consent to removal and, without explanation, defendant Pacific Heights did not join the removal notice until November 20, 2012, several days later than the other defendants.

### 1. The alleged Medicare claims

Defendants counter that it was not until the FAC, filed on October 12, 2012, that they first learned of the alleged Medicare claims giving rise to federal question jurisdiction.  Defendants further assert that they "first learned that many of the individual claims involved in this action are claims for benefits under ERISA" in the process of responding to Aetna's October 12, 2012 discovery requests.  Defs.' Response Br. 8.  According to defendants, claims uncovered during the discovery process can properly serve as a basis for removal, and defendants were not required to scour the exhibits to the complaint in search of a basis for removal.  With respect to defendant Pacific Height's failure to join the original removal notice, defendants argue that Pacific Heights' joinder shortly thereafter cured any deficiency in the removal notice.

The court is not persuaded by defendants' timeliness arguments.  The basis for defendants' removal is the new allegation at paragraph 55 in the FAC that "approximately eight (8) [of the

ORDER, CASE NO. C-12-05829-RMW ALG
- 6 -

provider charges at issue] involve members who are covered under Medicare." FAC ¶ 55. Although defendants may not have been aware that certain patients at issue in the case were, in fact, covered under Medicare as of the date of the original complaint, *see* Defs.' Mot. to Strike 1, Dkt. No. 22-2 ("The Medicare rule prohibiting waiver of copayments for Medicare claims has no applicability to this case. Aetna is not Medicare, *none of the patients were Medicare patients*, and none of the claims were seeking reimbursement from the Medicare program." (emphasis added)), it cannot be disputed that defendants learned of this fact as of July 9, 2012, when Aetna explicitly states so in its opposition to defendants' motion to strike, *see* Aetna's Opp. Br. 4 ("[T]he claims in this case *do* involve Medicare patients as some of the artificially-inflated health insurance claims submitted to Aetna have been for procedures related to Medicare patients." ). Because this fact is the basis for defendant's removal based on the alleged "Medicare claims," defendants were required to file notice of removal within thirty days of this disclosure. 28 U.S.C. § 1446(b)(3) (removal within thirty days of receipt of an "*other paper* from which it may first be ascertained that the case is one which is or has become removable"). Defendants did not file their notice of removal until November 14, 2012, which is untimely. *See id.* The thirty-day time limit "is mandatory and a timely objection to a late petition will defeat removal." *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980). This holding does not preclude the state court from striking paragraphs 55-57 from the FAC on the same ground that it originally struck paragraphs 48 and 49 from the original complaint.

### 2. The alleged ERISA claims

With respect to defendants' notice of removal based on "ERISA claims," defendants rely on "responsive information" that they gathered in the process of responding to Aetna's discovery requests. *See* Dru Decl. ¶ 7 ("In the course of this process of gathering responsive information, [d]efendants learned for the first time that many of the individual claims at issue in this action are

ORDER, CASE NO. C-12-05829-RMW ALG - 7 -

claims for benefits under ERISA . . . ."). Defendants, however, never specifically name or describe *any* newly-discovered facts or documents that could have established a claim under ERISA. Without any information about the nature of the alleged facts discovered, the court cannot decide whether these facts or documents would have constituted "other paper[s]" sufficient to support a motion for remand under § 1446(b)(3). *See* 28 U.S.C. § 1446(b)(3) (providing that, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after *receipt by the defendant*, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." (emphases added)). The cases that defendants cite in support of the proposition that discovery documents may constitute "other papers" do not hold—as is the case here—that documents already in the defendants' possession prior to plaintiff's discovery requests qualify as "other paper[s]" *received* by defendants under § 1446(b)(3). For example, *Riggs v. Continental Baking Co.*, 678 F. Supp. 236, 238 (N.D. Cal. 1988), and *Rose v. Beverly Health & Rehabilitation Services, Inc.*, 2006 WL 2067060, *5 (E.D. Cal. July 22, 2006), held only that the plaintiffs' *deposition testimony* establishing the basis for removal for the first time qualified as an "other paper" under § 1446(b)(3). Similarly, in *Akin v. Big Three Industries, Inc.*, 851 F. Supp. 819, 825 (E.D. Tex. 1994), the court held only that one of the plaintiff's *discovery responses*, which contained facts definitively supporting a basis for removal for the first time, qualified as an "other paper" under § 1446(b)(3). In contrast to those cases, here, the alleged "responsive information" was in defendants' possession prior to discovery, and was requested *by Aetna*. The only document or fact recited by either party that mentions ERISA is the Aetna Insurance Policy, which Aetna attached as exhibit A to the original complaint, and thus was readily available to defendants as of February 2, 2012. Because no other evidence is cited in

ORDER, CASE NO. C-12-05829-RMW ALG - 8 -

support of defendants removal action on the basis of ERISA claims, defendant's removal on this ground is likewise untimely.

Because the court holds that the removal action was untimely in the first instance, the issue with respect to defendant Pacific Height's (even) later joinder is moot.

### D.  No Federal Question Provides a Basis For Removal

Even if the court were to consider the removal notice as timely, no federal question provides a basis for removal.  Defendants may not remove a case to federal court unless the complaint itself establishes that a right created by the Constitution or laws of the United States is an essential element of the plaintiff's cause of action.  *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10-11 (1983).  Each cause of action in the FAC is based on California state law, and Aetna's UCL claims based on "unlawful" acts recite only state laws as predicate violations.  Thus, to remove this case based on a federal question, defendants are required to show that Aetna's state law claims "arise under" federal law.  *See  Hofler v. Aetna US Healthcare of Cal., Inc.*, 296 F.3d 764, 769-70 (9th Cir. 2002), *abrogated on other grounds by Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005); *Ardary v. Aetna Health Plans of Cal.*, 98 F.3d 495, 502 (9th Cir. 1996) ("Because we hold that the Ardarys' state law claims do not "arise under" the Medicare Act, we must conclude that the action was improperly removed to federal court.").

### 2.  Aetna's state law claims do not arise under the Medicare Act

Defendants do not actually argue that Aetna's state law claims "arise under" the Medicare Act, but rather makes an unsupported conclusion that Aetna actually alleges Medicare "claims." Aetna does not allege Medicare claims, and to the extent defendants make this argument, they mischaracterize patients' health insurance claims submitted to the insurance provider, *see* FAC ¶ 55 (concerning the eight patients covered under Medicare), with legal claims, i.e., legal causes of

ORDER, CASE NO. C-12-05829-RMW ALG
- 9 -

action. Paragraph 55 is the only new allegation in the FAC that defendants rely upon to support removal. Defendants argue that "Aetna specifically added the allegation in paragraph 55 concerning *eight Medicare claims* so that it could keep the references to Medicare rules in the FAC." Response Br. 14 (emphasis added). According to defendants, "Aetna clearly wants to maintain these references because it believes that these rules are relevant to the legality of Defendants' actions in allegedly waiving co-payments." *Id.* As the state court recognized in its order on defendants' motion to strike portions of the complaint, the references to Medicare in the FAC are "persuasive authority" in support of "the claim that the scheme is unfair under the UCL." Oct. 1, 2012 Order 17; *see e.g.*, *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012) ("[M]ere use of a federal statute as a predicate for a state law cause of action does not necessarily transform that cause of action into a federal claim."); *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1040-43 (9th Cir. 2003) (reversing the district court and remanding the case back to state court where, although the complaint referenced federal law to support plaintiff's UCL claim, it was not necessary to establish the state law UCL claim); *Guerra v. Carrington Mortg. Servs. LLC.*, No. 10-4299, 2010 WL 2630278, at *2 (C.D. Cal. June 29, 2010) ("California district courts have held that mere references to federal law in UCL claims do not convert the claim into a federal cause of action."). On remand, to the extent that the allegations in paragraphs 55-57 of the FAC are still improper, the court can again strike these paragraphs from the FAC. *See Lippitt*, 340 F.3d at 1041 ("The appropriate punishment for bad pleading is the striking of surplusage, not removal to federal court where no remedy exists."). Indeed, Aetna admits in its appeal brief that "the FAC could readily be amended to exclude those three paragraphs, thus eliminating any mention of Medicare, ERISA, or other federal law, without affecting A[etna's] claims or right to recovery under state law." Aetna's Br. 14.

**2. Aetna's State Law Claims are not Preempted by ERISA**

ORDER, CASE NO. C-12-05829-RMW
ALG - 10 -

State law claims only "arise under" ERISA when they are completely preempted by ERISA § 502(a) (29 U.S.C. § 1132(a)).  *Marin General*, 581 F.3d at 946.  Without explanation, defendants make the conclusory statement that "[b]ased on the information learned through discovery, it is clear that the claims alleged in the FAC are completely preempted by ERISA."  Response Br. 15.  Later, defendants only argue that they "recently learned that many, if not all, of the claims at issue in this action *relate to* ERISA plans." *Id.*  Mere relation to an ERISA plan is not sufficient to establish preemption.  *See Marin General*, 581 F.3d at 946.  In any event, defendants offer no support for this assertion, and fail to explain how or why any claim could, in fact, be brought under ERISA § 502(a).  The cases defendants rely on involve adverse benefits determinations under ERISA plans.  In contrast, here, Aetna's claims do not involve any adverse benefits determination.  *See* FAC; Aetna Reply Br. 10 (averring that adverse benefits determinations are not at issue here); *Lippitt*, 340 F.3d at 1046 ("We remand in reliance that Lippitt will adhere to . . . the characterization of the complaint which he offered to us, since judicial estoppel "bars a party from taking inconsistent positions in the same litigation.").

Accordingly, defendants fail to establish any reasonable basis for removal, let alone to meet their burden of establishing a basis for removal without "any doubt." *See Moore-Thomas*, 553 F.3d at 1244.

**F.  Costs**

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Fees may be awarded only "where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  When this requirement is met, whether to award fees is within the discretion of the court.  *See id.* at 139, 141; *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).  Although it is a close question as

ORDER, CASE NO. C-12-05829-RMW
ALG
- 11 -

to whether defendants had an objectively reasonable basis for removal of the case, the court believes that defendants acted in good faith and, therefore, in its discretion, denies plaintiff's request for its fees and costs incurred as a result of the removal.

### III.  CONCLUSION

For the foregoing reasons, the court GRANTS Aetna's motion to remand and denies Aetna's request for fees and costs.

**DATED:**  February 25, 2013

*Ronald M. Whyte*
**Ronald M. Whyte**
**United States District Judge**